UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JORGE CINTRON,<br><br>        Defendant. | No. 89-cr-0389 |

MEMORANDUM ORDER

July  27 , 2011                                                   Pollak, J.

Jorge Cintron has filed two motions challenging his federal sentence of 30 years imprisonment which was issued in 1991, as well as a motion for the appointment of counsel.[1]  For the following reasons, Cintron's motions will be denied.

**I.**      **Background**

In March 1990, a federal jury convicted Cintron of various charges related to possessing and distributing cocaine.  *See* Docket No. 190, at 1–2.  On August 27, 1991, this court sentenced Cintron to 30 years incarceration to be served consecutive to a life sentence imposed by a Pennsylvania state court.  *Id.* at 2.  At the time, the sentence

---

[1] Cintron filed a fourth motion, titled "Motion to Execute Proceedings," on February 15, 2011.  The court dismisses this motion because today's memorandum renders it moot.

1

guideline range for Cintron's offenses was 30 years to life imprisonment, *id.*, and the court was obligated to impose a sentence within the guideline range, *see* 18 U.S.C. § 3553(b) (1991).

On January 3, 2008, Cintron submitted a motion for reduction of sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. *See* Docket No. 178. On February 24, 2011, Cintron submitted a second motion for reduction of sentence invoking the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 111-220, 124 Stat. 2372 (2010). *See* Docket No. 182. On January 3, 2008, Cintron also filed a motion for appointment of counsel. *See* Docket No. 179.

**II.     Discussion**

<u>Motions for Reduction of Sentence</u>

In support of his first motion for reduction of sentence, Cintron argues that the Supreme Court's recent decisions in *Booker* and its progeny have given federal judges more discretion when imposing sentences. *See United States v. Booker*, 543 U.S. 220, 250, 259 (2005) (holding that the Federal Sentencing Act's provision which created mandatory minimums was unconstitutional). Cintron is right that these decisions have allowed judges more discretion at the sentencing stage than was permitted when he was sentenced. *See, e.g., Kimbrough v. United States*, 552 U.S. 85, 91, 111 (2007) (affirming a sentence that was below the minimum guideline sentence). However, the Third Circuit Court of Appeals has held that *Booker* does not apply retroactively. *See Lloyd v. United*

*States*, 407 F.3d 608, 615–16 (3d Cir. 2005). Thus, the court has no authority under *Booker* or its progeny to revisit Cintron's sentence.

The court is also unable to offer Cintron relief under Rule 35. Under the current version of Rule 35(a),[2] a district court may "correct a sentence that resulted from arithmetical, technical, or other clear error" within 14 days of sentencing. Because

---

[2] In full, the current version of Rule 35 provides:
(a) Correcting Clear Error. Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.
(b) Reducing a Sentence for Substantial Assistance.
(1) In General. Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.
(2) Later Motion. Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
(A) information not known to the defendant until one year or more after sentencing;
(B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
(C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.
(3) Evaluating Substantial Assistance. In evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's presentence assistance.
(4) Below Statutory Minimum. When acting under Rule 35(b), the court may reduce the sentence to a level below the minimum sentence established by statute.
(c) "Sentencing" Defined. As used in this rule, "sentencing" means the oral announcement of the sentence.

3

Cintron's sentence was imposed 20 years ago, the court may not grant him relief under Rule 35(a). *See United States v. Miller*, 594 F.3d 172, 182 (3d Cir. 2010). Rule 35(b) allows for a sentence reduction upon motion by the government if the defendant has provided the government with new and substantial assistance. Since no such motion has been filed in this case, the court cannot provide Cintron relief under Rule 35(b).

The version of Rule 35 in place at the time of Cintron's sentencing in 1991 also would not afford Cintron the relief he requests.[3] Under Rule 35(a), a district court was able to correct or reduce a sentence on remand from an appeal. Under Rule 35(b), a district court "on motion of the Government, may within one year after the imposition of

---

[3] In 1991, Rule 35 provided in full:
(a) Correction of a Sentence on Remand. The court shall correct a sentence that is determined on appeal under 18 U.S.C. 3742 to have been imposed in violation of law, to have been imposed as a result of an incorrect application of the sentencing guidelines, or to be unreasonable, upon remand of the case to the court—
(1) for imposition of a sentence in accord with the findings of the court of appeals; or
(2) for further sentencing proceedings if, after such proceedings, the court determines that the original sentence was incorrect.
(b) Correction of Sentence for Changed Circumstances. The court, on motion of the Government, may within one year after the imposition of a sentence, lower a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense, in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code. The court's authority to lower a sentence under this subdivision includes the authority to lower such sentence to a level below that established by statute as a minimum sentence.

a sentence, lower a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense." Because this case is not on remand from the court of appeals, and the government has not filed a motion to reduce Cintron's sentence, the prior version of Rule 35 does not apply.

In his second motion for reduction of sentence, Cintron repeats many of the arguments in his first motion. His one new argument is that he is entitled to relief under the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010) (FSA), which "replaced the 100-to-1 crack to powder cocaine sentencing ratio with an 18-to-1 ratio."[4] Docket No. 182 ¶ 10.

The FSA reduced mandatory minimum prison terms in certain circumstances, including violations involving crack cocaine. FSA § 2(a)(2). The FSA is not helpful to Cintron because the Third Circuit has held that it may not be applied retroactively to re-sentence an inmate. *See United States v. Reevey*, 631 F.3d 110, 111 (3d Cir. 2010) (holding that the FSA may not "be applied retroactively to authorize the District Court to impose a sentence below the prescribed mandatory minimum prison term in effect at the

---

[4] Under 18 U.S.C. § 3582(c), "if the applicable Guidelines range has been lowered after a defendant has been sentenced, a district court may—*sua sponte*, or upon motion of the defendant, or upon motion of the Director of the Bureau of Prisons—reduce the defendant's sentence, but only if the reduction would be consistent with a policy statement issued by the Sentencing Commission." *United States v. Wise*, 515 F.3d 207, 221 (3d Cir. 2008). Cintron mentions section 3582 in the title of his motion, but otherwise does not address section 3582. The government likewise does not address section 3582. The court declines to address section 3582 *sua sponte*, but Cintron may present a proper motion for relief under 3582 if he so desires.

time the [defendants] were sentenced").

### Motion for Appointment of Counsel

In support of his motion for appointment of counsel, Cintron argues that "the issue[s] he is presenting to this Court have merit, in accordance to the recent determination made by the United States Supreme Court, allowing discretionary power to the sentencing court to reconsider the sentence imposed." Docket No. 179 ¶ 4. The Third Circuit has held that when faced with a motion for appointment of counsel, a district court must first determine whether a movant's "claim has arguable merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). As explained above, the court lacks the ability to "reconsider" Cintron's sentence because the requirements for Rule 35 are not satisfied, *Booker* is not retroactive, and the FSA is not applicable to this case. Because the court finds Cintron's motions do not have arguable merit in fact or law, Cintron's motion for counsel will be denied.

### III. Conclusion

For the reasons presented above, it is hereby **ORDERED** that: (1) the defendant's motions for reduction of sentence (Docket Nos. 178; 182) are **DENIED** with prejudice; (2) the defendant's motion for appointment of counsel (Docket No. 179) is **DENIED** without prejudice; and (3) the defendant's motion to execute the proceedings (Docket No. 178) is **DISMISSED** as moot.

BY THE COURT:

/s/ Louis H. Pollak
Pollak, J.