IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| v. | |
| JORGE CINTRON | NO. 89-389 |

HODGE, J.                                                                                                          December 30, 2025

## MEMORANDUM

Pending before the Court are Defendant Jorge Cintron's ("Defendant") motion for reduction of sentence (ECF No. 192), motion to apply retroactive guideline amendments (ECF No. 194), and motion to challenge the legality of his sentence (ECF No. 202), as well as the Government's opposition to the motions (ECF Nos. 197, 209). All three of Defendant's motions were filed pro se. For the reasons below, the Court denies Defendant's motions.

I.     BACKGROUND[1]

Defendant was the leader of the Hancock and Cambria cocaine organization in North Philadelphia. On September 21, 1989, a federal grand jury issued an indictment charging Defendant with one count of conspiring to distribute cocaine, one count of continuing criminal enterprise, 27 counts of distribution of cocaine, 27 counts of distribution of cocaine near a school, and 18 counts of possession with intent to distribute cocaine. In March 1990, the jury found Defendant guilty of all but two counts.[2] (ECF No. 197 at 1-2.)

The Court determined that Defendant's offenses involved 34.65 kilograms of cocaine, producing an offense level of 34. The Court applied a two-level enhancement for gun possession,

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.
[2] Defendant was acquitted of one count of distribution of cocaine and one count of distribution of cocaine near a school.

1

a two-level enhancement for obstruction of justice, and a four-level enhancement for leadership role, resulting in an adjusted offense level of 42. Defendant was in criminal history category II and his guideline range was 30 years to life imprisonment. (ECF No. 209 at 2.)

On August 27, 1991, the Court sentenced Defendant to 30 years' incarceration to be served consecutive to a life sentence imposed by a Pennsylvania state court. (ECF No. 191 at 1.) At the time, with the sentence guideline range for Defendant's offenses being 30 years to life imprisonment, the Court was obligated to impose a sentence within the guideline range. *See* 18 U.S.C. § 3553(b) (1991). (*Id.* at 1-2.) Defendant remains in state custody at SCI Phoenix and has not yet begun serving his federal sentence. (ECF No. 209 at 1.)

Defendant has filed numerous post-conviction motions seeking a reduction in sentence. On January 3, 2008, Defendant submitted a motion for reduction of sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. (ECF No. 178.) On February 24, 2011, Defendant submitted a second motion for reduction of sentence invoking the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. (ECF No. 182.) On July 27, 2011, the Court denied both motions. (ECF No. 191.)

As relevant here, on September 14, 2011, Defendant filed a motion for sentence reduction based on Sentencing Guidelines Amendment 505, which became effective in November 1994 and reduced the base offense levels applicable to drug offenses. (ECF No. 192.) On November 18, 2011, Defendant filed a second motion for a sentence reduction based on the Fair Sentencing Act. (ECF No. 194.) Additionally, on June 16, 2014, Defendant filed a motion for relief under *Alleyne v. United States*, 570 U.S. 99 (2014), which held that a fact increasing a defendant's statutory minimum sentence must be charged in the indictment and proven to a jury. (ECF No. 202.)

## II. DISCUSSION

A district court generally cannot modify a term of imprisonment once it has been imposed, but a defendant may be eligible for a sentence reduction pursuant to § 3582(c) under certain circumstances. Section 3582(c) allows for a reduction if two requirements are met: (1) the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2); *see also United States v. Flemming*, 723 F.3d 407, 410 (3d Cir. 2013). A sentence reduction is inconsistent with stated Sentencing Commission policy if, for example, the newly retroactive Guidelines amendment relied on by the defendant "does not have the effect of lowering [his] applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

As to Defendant's September 2011 motion, Amendment 505 does not have the effect of lowering his applicable guideline range. *See* § 1B1.10(a)(2)(B). Amendment 505 imposed a base offense level of 38 for offenses involving 150 kilograms or more of cocaine. *See* U.S.S.G. § 2D1.1(c) (Drug Quantity Table). Because Defendant was accountable for only 34.65 kilograms of cocaine, Amendment 505 does not alter his relevant base offense level or lower his sentencing range, and therefore, he is not eligible for a reduction in sentence under § 3582(c)(2).

However, Defendant is entitled to relief under Sentencing Guidelines Amendment 782, which became effective in November 2014 and adjusted the Drug Quantity Table such that the base offense level for 34.65 kilograms of cocaine is now 32. This new base offense level reduces the total offense level to 40 and the sentencing range to 324 to 405 months, thus lowering Defendant's applicable guideline range. *See* § 1B1.10(a)(2)(B). While the Government states its lack of objection to the Court exercising its discretion under § 1B1.10(a)(1) and (b)(2)(A) to reduce Defendant's sentence to no shorter than 324 months, the Government submits that such a

reduction is "seemingly [] of no consequence given the state [life] term." (ECF No. 209 at 2-3.) The Court agrees and declines to reduce Defendant's sentence on this basis.

As to Defendant's November 2011 motion, Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, made retroactive the Fair Sentencing Act, which reduced the sentencing disparity between crack and powdered cocaine. However, Defendant was not convicted or sentenced for an offense involving crack cocaine. Accordingly, the Court cannot reduce Defendant's sentence under the First Step Act.

Lastly, as to Defendant's 2014 motion, the Government argues that this motion lacks merit because "*Alleyne* does not apply retroactively on collateral review." (ECF No. 209 at 2.) The Court agrees. *See United States v. Reyes*, 755 F.3d 210, 212 (3d Cir. 2014) (noting that "the Supreme Court has not chosen to apply *Alleyne's* new rule retroactively to cases on collateral review"); *United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014) (holding that "*Alleyne* cannot be applied retroactively to cases on collateral review").

### III.  CONCLUSION

For the reasons stated above, the Court denies Defendant's motion for reduction of sentence (ECF No. 192), motion to apply retroactive guideline amendments (ECF No. 194), and motion to challenge the legality of his sentence (ECF No. 202). An appropriate Order follows.

**BY THE COURT:**

**/s/ Kelley B. Hodge**
_____
    **HODGE, KELLEY B., J.**